## ROSENBERG et al. v. SHAKEPROOF LOCK WASHER CO.

### No. 6652.

Circuit Court of Appeals, Third Circuit.

Dec. 20, 1938.

Hugh M. Morris, of Wilmington, Del., and Clifton V. Edwards and Reverdy Johnson, both of New York City, for appellants.

Robert W. Byerly, of New York City, Thomas G. Haight, of Jersey City, N. J., Roy H. Olson, of Chicago, Ill., and Ralph M. Watson, of New York City, Marvel, Morford, Ward & Logan, of Wilmington, Del., and Cox & Moore, of Chicago, Ill., for appellee.

Before DAVIS, MARIS, and BUFFINGTON, Circuit Judges.

**BUFFINGTON, Circuit Judge.**

In the court below the sole licensee and the grantee of patent No. 1,809,758 (hereafter styled 758) granted June 9, 1931, for a fastener, to H. Rosenberg, brought suit against the Shakeproof Lock Washer Company, charging infringement thereof. In the same bill they charged infringement of patent No. 1,827,615 (hereafter styled 615), granted October 13, 1931, to said Rosenberg for a fastener. After final hearing, the court dismissed the bill. By reference to the opinion of the trial court, reported in D.C., 20 F.Supp. 959, we avoid needless repetition. No principle or precedent is at issue and the decisive question is whether the patents involved invention or were engineering or mechanical advances naturally incident to the development of the industry.

After able argument and due presentation, we find ourselves in accord with the court below and as the opinion of the trial judge satisfactorily and thoroughly discusses the proofs and details, and as a further opinion by this court would be but an effort to clothe in different language what has been thoroughly discussed in such opinion, we refrain from doing so and confine ourselves to brief reference to some particular points.

The old methods and the advances made therein are thus described by the trial judge (italics ours):

"Both patents relate to the type of screw employed for fastening sheets of metal together. After a hole has been bored to aid the screw in penetrating the metal, the screw wedges its way into the metal.

"History of the Art

"Screws have been used for centuries. Their design and manufacture were well understood. Thread rolling was the most economical form of screw manufacture. Pointed screws rolled on curved dies were threaded to the end of the taper. A curved die fits a tapered blank. As you *push the blank in you force the material into the grooves of the die.* The height of the threads depends upon the depth of the grooves of the die. This is the usual and very old way of making screws.

"Blunt screws with tapering ends were frequently rolled on straight dies. This method of manufacture left the thread at the end incomplete and somewhat grooved. It is grooved because the action of the metal is to run up the sides of the grooves of the die and to leave a groove in the partially formed thread of the screw.

\* \* \* \* \* \*

"Before 1913 two types of screws were prevalent—the machine screw and the wood screw. The machine screw was made of metal with the threads *close together.* In using this screw the prevailing practice was: (1) To bore a whole into the work; (2) to thread the hole with a tap; (3) to insert the screw in the threaded hole and to screw tightly. The pressure could be increased by a nut applied to the projecting end. The wood screw was made of metal with the threads spaced some distance apart. It had a gimlet point so that it could be screwed directly into the wood—hence its name. Screws intended to go into wood without boring a hole had abrupt tapers. Screws intended to go into preformed holes had gradual tapers which kept them from canting."

The view of the trial judge was that all that Rosenberg did was in one patent to harden the threads of the old wood screws, and as to the other patent it held, "The patent on the groove lacks both novelty and utility"—a conclusion with which we agree.

To the above we may add that we also agree with the court's holding that the plaintiffs cannot monopolize the use of the words "self tapping" in connection with screws.

The above being our view, the judgment below is affirmed.